In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00177-CR
______________________________


TERRANCE LAMONT LIPSCOMB, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 30931-B


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â Terrance Lamont Lipscomb appeals the trial court's denial of his motion to suppress
evidence. The issues Lipscomb raises in this appeal was identical to those he presents in Lipscomb
v. State, No.Â 06-04-00175-CR. Since the arguments presented are identical in each appeal, for the
reasons stated in Lipscomb v. State, No. 06-04-00175-CR, we affirm the trial court's judgment in this
case.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â July 12, 2005
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â August 31, 2005

Do Not Publish



 his or her claim. That is seen in the language requiring the award of "reasonable
attorney's fees in addition to the party's costs and claim." Tex. Prop. Code Ann § 5.006(a)
(emphasis added). That comports with our conclusion.

 After our review of the cases, we maintain that one must obtain a judgment in his or her favor
to be the "prevailing party" under Section 5.006(a). See Brooks v. Northglen Ass'n, 76 S.W.3d 162,
176 (Tex. App.--Texarkana 2002), rev'd in part on other grounds, 141 S.W.3d 158 (Tex. 2004). 
Because the Farmers did not so prevail, their claim for attorneys' fees fails.

 We affirm the judgment of the trial court.



 


 Josh R. Morriss, III

 Chief Justice


Date Submitted: January 2, 2008

Date Decided: January 31, 2008

1. It should be noted that the issue presented to us is limited to the recovery of attorneys' fees
under Section 5.006(a), not under any other provision such as the Texas Declaratory Judgments Act. 
Under that Act, a trial court has discretion to award "reasonable and necessary attorney's fees as are
equitable and just." Tex. Civ. Prac. & Rem. Code Ann. Â§Â 37.009 (Vernon 1997); see, e.g., Hawkins
v. Walker, 233 S.W.3d 380, 400-01 (Tex. App.--Fort Worth 2007, pet. denied) (both statutes
involved). By contrast, under Section 5.006(a), to which we are restricted, the award of attorneys'
fees is mandatory but is limited to specific conditions.
2. The Farmers cite Bernard v. Glenshire Community Ass'n, No. B14-90-01133-CV, 1992 Tex.
App. LEXIS 192 (Tex. App.--Houston [14th Dist.] Jan. 16, 1992, writ denied) (mem. op.), to
support their position that, because their lawsuit resulted in compliance by Chaplin, though not a
judgment against her, they should be awarded their attorneys' fees. While Bernard does espouse that
position, we believe it is contrary to the general rule in that regard and decline to follow it.